UNITED STATES DISTRICT COURT
DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROBERT M. LAUBE,<br><br>Plaintiff,<br><br>v.<br><br>THE QUEEN'S MEDICAL CENTER,<br><br>Defendant. | Case No. 19-cv-00423-DKW-RT<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS.** |

On August 6, 2019, Plaintiff Robert M. Laube, proceeding *pro se*, filed an employment discrimination complaint against The Queen's Medical Center. Dkt. No. 1. Laube also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

"[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Here, Laube has failed to do so. In his IFP Application, Laube states that he has gross monthly pay or wages of $1,661. He then identifies monthly expenses approximately equivalent to this gross monthly pay. However,

Laube also states that he has $4,000 in a checking or savings account.  Based on this information, Laube does not appear to qualify for IFP status.

Nevertheless, Laube does not state the name and address of his employer from which he receives the gross pay of $1,661.  Laube also does not state whether he expects to continue to receive this pay now that he has been terminated by his previous employer— and Defendant in this case— The Queen's Medical Center.  As a result, it is unclear whether Laube has both savings and income at his disposal, or if instead he is living from his savings after his termination.  As such, the Court cannot meaningfully assess Laube's allegation of poverty and, thus, the IFP Application (Dkt. No. 2) is DENIED *without prejudice*.

To the extent Laube elects to continue with this action, he may file a new application to proceed *in forma pauperis* **no later than September 12, 2019**. Should he file a new IFP Application, Laube should only include as "gross pay or wages" money he *currently* receives from an employer.  If Laube no longer receives pay or wages from an employer, he should not include any amount on the application.  If he does expect to continue to receive gross pay, he must state the regularity with which he receives that pay (for example, weekly or monthly) *and the name and address of his employer*.

Put simply, to the extent Laube files a new IFP Application, the application must be completed in full. The failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee in full before **the deadline of September 12, 2019**, will result in the dismissal of this action without further consideration of the merits of the complaint.

The Clerk of Court is DIRECTED to mail Laube a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) so that he may comply with the directions in this Order.

IT IS SO ORDERED.

Dated: August 28, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*Robert M. Laube v. The Queen's Medical Center;* Civil No. 19-00423 DKW-RT; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**