IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| ROBERT M. LAUBE, | Case No. 19-cv-00423-DKW-RT |
|---|---|
| Plaintiff, | **ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND.**[1] |
| v. | |
| QUEEN'S MEDICAL CENTER, | |
| Defendant. | |

On August 6, 2019, Plaintiff Robert M. Laube, proceeding *pro se*, filed a civil complaint against Queen's Medical Center, Inc, Dkt. No. 1, along with an application to proceed *in forma pauperis*. Dkt. No. 2. In a repeated effort to correct the deficiencies in his IFP Application, Laube's Third IFP Application is now before the Court. Dkt. No. 11. Because the Third IFP Application is incomplete or otherwise does not establish Laube's entitlement to *in forma pauperis* status, the Court DENIES the Third IFP Application. But even if that was not the case, Laube has not alleged sufficient facts in his Complaint to state a claim on which relief may be granted, and therefore this action is DISMISSED with leave to amend.[2]

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous or malicious"; "fails to

## I. The IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), a showing of something more than mere hardship is required; the applicant must show they "cannot pay the court costs" or "give security therefor" and "still afford the necessities of life." *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); 28 U.S.C. § 1915(a). The determination whether a party can proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed *in forma pauperis* is itself a matter of privilege and not right").

Here, despite the Court's prior efforts to remedy Laube's failures, Laube's Third IFP Application remains incomplete (Dkt. No. 11), and therefore the Court is still unable to meaningfully assess Laube's allegation of poverty. Laube notes in

---

state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

his Third IFP Application that he receives $1,661 per month in Social Security benefits; he has $490 in a checking or savings account; and he owns a vehicle worth $1,000. Laube also states that he owns a fifty-percent leasehold in a condominium located in Kaneohe, Hawaii, from which he receives no income, and the value of the condo (according to Laube) is around $50,000 "due to lease outstanding balance [of] $40,000 and repairs." In addition, Laube states he has monthly expenses totaling $1,510 and debts in the amount of $10,442.

The problem, however, is that Laube has again failed to fully answer Question 3 of the IFP Application. Question 3 lists various sources of possible income and asks the applicant whether they have received income from any of these options in the past (12) months. Next to the option for "pension, annuity, or life insurance," Laube marked the box labeled "Yes." Question 3 then instructs the applicant that "If you answered 'Yes' to any question above, describe below or on separate pages each source of money **and state the amount that you received and what you expect to receive in the future."** But Laube only noted the $1,661 he receives in Social Security benefits. Laube failed to state the amount of "pension, annuity, or life insurance" he has received in the past (12) months, and the amount he expects to receive in the future. That alone is grounds for the Court to deny Laube's Third IFP Application.

3

Notwithstanding the fact that Laube's application is deficient in a material respect, the Court finds that, based on the information Laube has provided, Laube's allegation of poverty is not substantiated. Federal courts are not consigned to accept an applicant's financial representations as true. Rather, it is "'within the court's discretion to make a factual inquiry' into a claim of poverty," *Escobedo*, 787 F.3d at 1236 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)), and to deny the application if the applicant is "unable, or unwilling, to verify their poverty." *McQuade*, 647 F.2d at 940.[3] A "court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547–48 (7th Cir. 1998); *Johnson v. Spellings*, 579 F. Supp. 2d 188, 191 (D.D.C. 2008).

Here, it appears Laube has intentionally misrepresented the value of the condo in which he appears to own a fifty-percent interest. Laube claims under penalty of perjury that his condo in Kaneohe, Hawaii is worth $50,000, but the Court is not oblivious of the cost of real estate in Hawaii.[4] Under these circumstances, there is

---

[3]Federal courts are tasked with the obligation to ensure "that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)).

[4]In fact, reference to the City and County of Honolulu Real Property Assessment Division on-line records reveal that the 2019 tax-assessed value of Laube's condominium approximates $500,000, not $50,000.

reason to question the truthfulness of Laube's allegation of poverty. Thus, at this time, Laube has failed to demonstrate he is entitled to proceed *in forma pauperis*.

Accordingly, Laube's Third IFP Application is DENIED WITHOUT PREJUDICE. The Court nevertheless grants Laube the opportunity, should he so choose, to provide further information and clarification regarding the value of his condo, *see Escobedo*, 787 F.3d at 1236; *McQuade*, 647 F.2d at 940, and state the amount he receives or has received from a "pension, annuity, or life insurance."

## II. Screening

Where, as here, a *pro se* litigant fails to qualify for *in forma pauperis* status, a court is not required to take any further action on the applicant's lawsuit until the litigant has paid the filing fee. *See* 28 U.S.C. § 1915(a)(1); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). But even assuming, *arguendo*, that Laube is entitled to *in forma pauperis* status, the Court dismisses Laube's Complaint because Laube has failed to allege sufficient facts to state a claim for relief.

The standard for dismissal under Fed.R.Civ.P. 12(b)(6) and under 28 U.S.C. Section 1915(e)(2)(B) is the same. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Jones v. Schwarzenegger*, 723 F.App'x 523, 524 (9th Cir. 2018); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (same standard under Section 1915A). The Court must take the allegations in the complaint as true,

excluding those allegations that are merely conclusory, and if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the Court must dismiss the action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court liberally construes the *pro se* Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a *pro se* litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the Complaint, Dkt. No. 1, Laube asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, alleging that his employment was terminated because of his race. To state an employment discrimination claim under Title VII, the plaintiff must allege sufficient facts demonstrating that:

> (1) he belongs to a protected class, (2) he was qualified for the position he held (or for the position to which he wished to be promoted), (3) he was terminated or demoted from (or denied a promotion to) that position, and (4) the job went to someone outside the protected class.

*Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993)).

Here, Laube's allegations are conclusory and bereft of factual enhancement. Laube's factual allegations include no more than three sentences, asserting that (a)

6

"Asians" falsified evidence that led to Laube's termination; (b) Leslie Pang "threatened and harassed [Laube] from 2012 until [he] issued a complaint"; and (c) during a department of health investigation Dr. Bello "conspired" with Michael K. and Nona Tomancho "to get [Laube] terminated for no other reason than [Laube's] race as [the] institution is controlled and run by Asians." Dkt. No. 1 at 3. Not only is there insufficient factual matter to state a Title VII claim, but the Court is unable to discern the full names of those individuals responsible for the conduct alleged. Moreover, nothing in Laube's Complaint suggests "he belongs to a protected class," identifies what job he held, where, or for how long, or states that his "job went to someone outside the protected class."

Because the complaint fails to allege facts supporting a claim under any principle of law, the Court dismisses this action. However, because it may arguably be possible for Laube to allege one or more plausible claims for relief, the Court allows him leave to amend to attempt to do so. In that regard, the Court will mail Laube a copy of a form complaint for use in a civil *pro se* proceeding, such as this one. If Laube chooses to use the form, he should answer **all of the questions** clearly and concisely. More specifically, Laube should set out each claim under a separate label or heading. Under each claim, Laube must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he

7

believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Laube's right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

Should Laube choose to file an amended complaint, he may not incorporate any part of the original complaint, Dkt. No. 1, in the amended complaint. Rather, all allegations must be re-typed or re-written in their entirety. To the extent a claim is not re-alleged in an amended complaint, the claim may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).

### III. Conclusion

Laube's Third Application to Proceed *in Forma Pauperis*, Dkt. No. 11, is DENIED WITHOUT PREJUDICE. This action is DISMISSED with leave to amend as set forth herein.

Laube may have until **January 6, 2020** to pay the civil filing fees in full or file a fully completed Application to Proceed *in forma pauperis* that includes the missing information and clarifies the discrepancies described above. **Failure to do so will result in automatic dismissal of this action.** In re *Perroton*, 958 F.2d 889, 890 (9th Cir. 1992).

8

Laube may also have until **January 6, 2020** to file an amended complaint that addresses the deficiencies identified above. **The Court cautions Laube that failure to file an amended complaint by January 6, 2020 may result in the automatic dismissal of this action without prejudice.**

To assist Laube in complying with this Order, the Clerk of Court is DIRECTED to mail Laube the following: (1) a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240); and (2) a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: December 5, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Robert M. Laube v. Queen's Medical Center*; Civil No. 19-00423 DKW RT; **ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND**